United States District Court
for the
Southern District of Florida

| Gary Hanson, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 16-24836-Civ-Scola |
| Thomas Ruskin, and PV Holding | ) | |
| Corp. d/b/a Avis Rent A Car | ) | |
| System, LLC, Defendants. | ) | |

## Order on Motion for Partial Summary Judgment

This matter is before the Court upon the Plaintiff Gary Hanson's motion for partial summary judgment (ECF No. 93), asking the Court to grant summary judgment on the discrete issue of whether the Defendant Thomas Ruskin violated Florida Statutes section 316.194. Ruskin filed an untimely response (ECF No. 96), to which Hanson replied (ECF No. 98). The Court has considered the motion, the response and reply, the applicable law and the record in this case, and is otherwise fully advised. For the reasons set forth below, the Court **grants** Hanson's motion for partial summary judgment.

The essential facts involved in this case are undisputed. On the morning of March 5, 2016, Hanson, a passenger in a vehicle on Interstate 95, collided with Ruskin's vehicle, which was stopped in a moving lane on the highway. Ruskin was traveling northbound on Interstate 95, when he stopped his vehicle in the left-most general purpose lane of I-95, to render aid after he witnessed a single-car motor vehicle accident. (Pl.'s Statement of Material Facts, ECF No. 92 ¶ 2.) While Ruskin was providing assistance with the first accident, the vehicle in which Hanson was a passenger collided with the rear end of Ruskin's stopped vehicle on I-95, resulting in significant injuries to Hanson. Ruskin voluntarily parked his car in the left-most general purpose travel lane, and his vehicle was not disabled or otherwise in disrepair before the vehicle in which Hanson was traveling collided with it. (*Id.* ¶¶ 3-4.) Furthermore, the section of I-95 where Hanson's accident occurred has a right shoulder and is located in unincorporated Dade County. (*Id.* ¶¶ 8-9.)

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the

applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260.

Hanson argues that he is entitled to summary judgment on the issue of Ruskin's violation of Florida Statutes section § 316.194, and therefore a corresponding jury instruction on violation of a statute as evidence of negligence. The statute states, in pertinent part, as follows:

> Upon any highway outside of a municipality, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave the vehicle off such part of the highway; but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles, and a clear view of the stopped vehicle shall be available from a distance of 200 feet in each direction upon the highway.

Fla. Stat. § 316.194(1). Ruskin argues that Hanson is not entitled to a finding that Ruskin violated the statute because he did not receive a citation, it was not practicable for him to stop or park his vehicle anywhere else on the roadway, and that in any event, his vehicle was sufficiently visible and he left an unobstructed width of highway for other vehicles to pass by. However, Ruskin provides no citations to authority to support his contention that these factors are relevant in evaluating a statutory violation, or how the Court is to determine what is "practicable." Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Phillips v. Hillcrest Medical Center,* 244 F.3d 790, 800 n.10 (10th Cir. 2001) (internal quotation omitted); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (internal quotation omitted). In addition, Ruskin points to no evidentiary support from the record to dispute that he did exactly what the statute prohibits—parking an otherwise functional vehicle on the paved or main-traveled part of a highway, when he admits that there was a right

shoulder, and no evidence that he was unable to stop his vehicle there, rather than in the lane of travel.

Under Florida law, the violation of a traffic regulation is only evidence of negligence, not a means of avoiding liability altogether. *See Ridley v. Safety Kleen Corp.*, 693 So. 2d 934, 937 (Fla. 1996) ("It is well established in Florida that a violation of a traffic regulation ordinarily constitutes evidence of negligence, and, when there is evidence of such a violation, the jury should be instructed on the effect of such a violation on the issue of negligence.") (internal citations omitted).[1] Hanson states explicitly in his motion that he seeks a finding of a statutory violation entitling him to a jury instruction on evidence of negligence. He does not seek a finding of liability. Therefore, the Court rejects Ruskin's argument that Hanson is not entitled to a finding that he violated the statute because the statutory section at issue does not establish civil liability.

Accordingly, after considering the motion, the record, and the relevant legal authorities, the Court **grants** the motion for partial summary judgment (**ECF No. 93**), and finds that Ruskin violated Florida Statutes section 316.194, entitling Hanson to an evidence of negligence instruction at trial.

**Done and ordered** at Miami, Florida, on January 9, 2018.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] Florida Standard Jury Instruction (Civil) 401.9 Violation of a Statute, Ordinance, or Regulation as Evidence of Negligence, states that "Violation of this [statute] [ordinance] [regulation] is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that (defendant) violated this [statute] [ordinance] [regulation], you may consider that fact, together with the other facts and circumstances, in deciding whether such person was negligent."